UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
GAINESVILLE DIVISION

NOLA TOUCHE,
on behalf of herself
and all other similarly situated,

      Plaintiff,                                     Case No.: 1:17-cv-00259

      vs.

BEST BUY STORES, LP (d/b/a BEST BUY, GEEK SQUAD and
MAGNOLIA HOME THEATER)

      Defendant.
_____

## PLAINTIFF'S CLASS ACTION COMPLAINT

Plaintiff, NOLA TOUCHE (referred to herein as "Plaintiff" or "Touche") on behalf of herself and all others similarly situated, make the following allegations and claims for a complaint against Best Buy Stores, LP (d/b/a Best Buy, Geek Squad and Magnolia Home Theater) (referred to as "Best Buy"). The following allegations are made upon information and belief, except as to allegations specifically pertaining to Plaintiff, which are made upon knowledge or as otherwise stated upon information and belief.

## JURISDICTION AND VENUE

1. This Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C §1331.

2. The claim made on behalf of Plaintiff and the National Class necessarily depends on the resolution of a substantial question of federal law.

3. This Court has personal jurisdiction Best Buy pursuant to Fla. Stat. §48.193(1). Defendants were engaged in solicitation or business within the State of Florida,

1

Defendants committed one or more tortious acts within the State of Florida and/or one or more acts or omissions outside the State of Florida, which caused injuries to Plaintiff. Best Buy engages in substantial and not isolated activity in the state of Florida as they are registered to do business within the state, maintain retail locations within the state, operate websites which substantially retail to Florida consumers, market and advertise products to consumers within the state and/or conduct business by or through substantially controlled subsidiaries, partners, contractors or agents within the state of Florida.

4. Venue is proper in this district pursuant to 28 U.S.C. §1391(b)(2). Best Buy does business in Alachua County, Florida, substantial events giving rise to this action occurred in Alachua County, Florida as Plaintiff is so situated.

## PARTIES

5. Plaintiff Nola Touche resides in city of Alachua, county of Alachua, Florida. In or around December 1, 2012, Plaintiff purchased a Samsung television for use in her home from a Best Buy retail store in Gainesville, FL. At the same time, Plaintiff purchased a five-year Geek Squad Protection Plan from Best Buy, paying approximately $239.99, for warranty service to her Samsung television.

6. Defendant Best Buy Stores, LP, (d/b/a Best Buy, Geek Squad and Magnolia Home Theater) (hereinafter referred to as "Best Buy") is a Virginia Limited Partnership, with its principal place of business located at 7601 Penn Avenue South, Minneapolis, MN 55423. As of October 29, 2016, Best Buy operated approximately 1,026 Best Buy stores including stores in all states, districts and territories of the United States under various brand names including Geek Squad and Magnolia Home Theater. According to its 2016

Annual Report, 10K filing, Best Buy had 64 stores in the state of Florida and 32 "Best Buy Mobile Stand-Alone Stores" in Florida. Best Buy also owns, operates and/or causes to operate an online retail website, bestbuy.com, which retails to consumers throughout the United States, including to consumers within the State of Florida. Upon information and belief, sometime in early 2013, Samsung operated "experience" shops inside of Best Buy stores, including Best Buy stores located in Florida. Best Buy is registered with the Florida Department of Corporations to do business in the State of Florida under the fictitious name "Best Buy."

## FACTUAL ALLEGATIONS

7. Best Buy sells Geek Squad Protection Plans ("GSPP(s)") to consumers for coverage of consumer products.

8. Best Buy self-brands the GSPP.

9. Best Buy services the GSPP through its Geek Squad and/or other authorized services.

10. The GSPPs direct consumers to contact Best Buy through www.geeksquad.com and 1-800-GEEKSQUAD for service under the GSPP.

11. Upon information and belief, it is Best Buy's practice to represent to consumers that its GSPPs are warranties.

12. The GSPPs sound in warranty including by:

    a. Warranting against defects;

    b. Providing seamless coverage from the manufacturer's warranty;

    c. Protecting against "lemons"; and

    d. Claiming ownership of replaced defective parts.

13. Best Buy's service documents represent their GSPPs are warranties.

14. Best Buy does not clearly and conspicuously state that the GSPP warranty is "limited."

15. Best Buy does not honor its GSPPs as full warranties.

16. Best Buy's GSPPs are full warranties under Federal law and should comply with the Federal Minimum Standards.

17. Best Buy through its GSPP, contends that it may elect what remedy a consumer receives in the event a covered product is defective or cannot be repaired.

18. Because of Best Buy's unlawful acts, consumers have no way to adequately assess and/or enforce their rights under the GSPPs and federal law.

19. Plaintiff purchased a five-year GSPP from Best Buy in December 2012 to cover her Samsung television purchased at the same time.

20. Best Buy employee(s) represented to Plaintiff that the GSPP was a warranty on her Samsung television. (Exhibit 1).

21. Plaintiff's GSPP sounds in warranty including by:

    a. Warranting against defects;

    b. Providing seamless coverage from the manufacturer's warranty;

    c. Protecting against "lemons"; and

    d. Claiming ownership of replaced defective parts.

22. In October 2017, while Plaintiff's Samsung television was covered under Plaintiff's five-year GSPP, it failed.

23. Plaintiff contacted Best Buy regarding her failed television, covered under her GSPP.

24. Best Buy sent an agent/employee to Plaintiff's house in order to diagnose/assess her television.

25. Best Buy ordered the part believed necessary to fix Plaintiff's television.

26. When Best Buy attempted to install the new part, it did not fix Plaintiff's television.

27. After the attempted fix, Best Buy represented that it was unable to fix Plaintiff's television.

28. Plaintiff's service document(s) contain representations that the GSPP is a warranty. (Exhibit 2).

29. Best Buy through its GSPP, contends that it may elect what remedy a Plaintiff receives in the event her Samsung television is defective or cannot be repaired.

30. Upon information and belief, Best Buy, acting under the GSPP, will not comply with the Federal Minimum Standards for full warranties when Best Buy elects to replace Plaintiff's Samsung television or give Plaintiff a voucher.

31. As a result of Best Buy's unlawful conduct, Plaintiff suffers injury with a failed television and inadequate means to fully assess and/or enforce her rights under the GSPP and the Federal Minimum Standards for warranties.

## CLASS ALLEGATIONS

32. Plaintiff brings this action on her own behalf and pursuant to Fed. R. Civ. P. 23(a) and 23(b)(3) and 23(b)(2) as a class action on behalf of a National Class ("National Class") of persons defined as:

    Within the applicable statute of limitations, all persons who purchased a warranty (Geek Squad Protection Plan) from Best Buy between October 2012 through the present.

33. Plaintiff maintains the right to modify or amend the definition of the proposed National Class before a court determines whether certification is appropriate.

34. Excluded from the National Class is Best Buy and others as follows:

    a. Any entity in which Best Buy has a controlling interest, or which has a controlling interest in Best Buy;

    b. Best Buy's officers, directors, agents, servants, employees, and legal representatives, and the members of the immediate family of any such person;

    c. Best Buy's assigns and successors;

    d. The judge to whom this case is assigned and any member of the judge's immediate family;

    e. All persons who properly execute and timely file a Request for Exclusion;

    f. All persons who have properly released their claims against Best Buy; and

    g. All persons who have obtained a judgment against Best Buy on the claims here presented on or before the date of the filing of this action

## **RULE 23(a)**

### **Numerosity**

35. Upon information and belief, the National Class is composed of no fewer than thousands of persons and is sufficiently numerous for class treatment.

36. The joinder of the National Class members individually in one action would be impracticable, and the disposition of their claims in a class action will provide substantial benefits to the parties and the Court.

### **Commonality**

37. This dispute raises questions of law and fact that are common to all National Class members. Those common questions predominate over questions that arise on an individual basis for members.

38. The common questions of law and fact for the National Class include, without limitation:

a. Whether members of the National Class purchased a GSPP from Best Buy;

b. Whether the GSPP is a warranty under Federal law;

c. Whether the GSPP covered manufacturer defects;

d. Whether Best Buy by and through its agents/employees represents that they are selling a warranty;

e. Whether Best Buy's service documents represent the GSPP as a warranty;

f. Whether the GSPP violated the Magnuson-Moss Warranty Act 15 USC §2301 *et seq*.;

g. Whether the GSPP complies with the requirements of 15 USC §2301 *et seq*.;

h. Whether the GSPPs are "full" warranties and should meet the Federal Minimum Standards for warranties; and

i. Whether Best Buy enjoined from violating 15 USC §2304 by not honoring GSPPs as warranties.

## Typicality

39. Plaintiff's claims are typical of the claims of the National Class. Plaintiff has no interests adverse to the interests of other members.

40. The claims of Plaintiff and the National Class have a common origin and share a common basis. The National Class claims originate from the same alleged violations of the Magnusson Moss Warranty Act by Best Buy as applied uniformly to all National Class members based on Best Buy's interpretation and enforcement of their GSPPs. As such, Plaintiff and the National Class members have been the victims of Best Buy's unlawful conduct.

## Adequate Representation

41. Plaintiff is willing and prepared to serve the Court and the proposed National Class in a representative capacity with all of the obligations and duties material to serving as class representative. Plaintiff will fairly and adequately protect the interest of the National Class, and has no interests adverse to or which directly and irrevocably conflict with, the interests of other members of the National Class.

42. The self-interests of the named class representative are co-extensive with, and not antagonistic to, those of the respective absent members. The proposed representative will undertake to protect the interests of the absent members.

43. Plaintiff has engaged the services of counsel indicated below. Said counsel is experienced in complex and class action litigation, will adequately prosecute this action, and will assert, protect and otherwise represent the named class representative and absent National Class members.

## RULE 23(b)(1)(A) and (B)

44. The prosecution of separate actions by individual members of the National Class would create a risk of adjudications with respect to individual members which would, as a practical matter, be dispositive of the interests of other members who are not parties to the action, or could substantially impair or impede their ability to protect their interests.

45. The prosecution of separate actions by individual members of the National Class would create a risk of inconsistent or varying adjudications with respect to individual members, which would establish incompatible standards of conduct for the parties opposing the National Class. Such incompatible standards and inconsistent or varying adjudications, on what would necessarily be the same essential facts, proof and legal theories, would

also create, and allow to exist, inconsistent and incompatible rights within the National Class.

## RULE 23(b)(2)

46. This action satisfies the requirements of Fed. R. Civ. P. 23(b)(2) because Best Buy has acted and refused to act on grounds generally applicable to the National Class, thereby making appropriate final injunctive and/or corresponding declaratory relief with respect to the National Class as a whole.

## RULE 23(b)(3)

47. The questions of law and fact common to members of the National Class predominate over any questions affecting only individual members.

48. A class action is superior to other available methods for the fair and efficient adjudication of the controversies in that:

    a. Individual claims by the class members are impractical as the costs of pursuit far exceed what any one plaintiff or member has at stake.

    b. The proposed class action is manageable.

49. Plaintiff is not aware of any obstacles likely to be encountered in the management of this action that would preclude its maintenance as a class action. Rule 23 provides the Court with authority and flexibility to maximize the efficiencies and benefits of the class mechanism and reduce management challenges. The Court may, on motion of Plaintiff or on its own determination, certify a nationwide class and/or a statewide class for claims sharing common legal questions; utilize the provisions of Rule 23(c)(4) to certify any particular claims, issues, or common questions of fact or law for class-wide adjudication;

and certify and adjudicate bellwether class claims; and utilize Rule 23(c)(5) to divide any Class into subclasses.

## COUNT ONE
## VIOLATION OF THE MAGNUSON-MOSS WARRANTY ACT
## (15 U.S.C. Sections 2301, *et seq*.)

50. Plaintiff and the National Class reallege and incorporate paragraphs 1-49 as if set forth fully in this Count.

51. This Court has jurisdiction to decide claims brought under 15 U.S.C. § 2301 ("MMWA") et seq. by virtue of 28 U.S.C. § 1332 (a)-(d) and 28 U.S.C. § 1331.

52. The televisions and other electronics sold at Best Buy are "consumer products" within the meaning of the Magnuson-Moss Warranty Act, 15 U.S.C. § 2301(1).

53. Plaintiff and the National Class are "consumers" within the meaning of the Magnuson-Moss Warranty Act, 15 U.S.C. § 2301(3). They are consumers because they are persons entitled under applicable state law to enforce against the warrantor the obligations of its express and implied warranties.

54. Best Buy qualifies under the definitions of "suppliers" and "warrantors" within the meaning of the Magnuson-Moss Warranty Act, 15 U.S.C. § 2301(4)-(5) by selling to consumers, maintaining, adopting and servicing warranties known as Geek Squad Protection Plans. Best Buy sells consumer products to consumers, knowing that those consumer products are bought for personal, family, or household purposes.

55. Best Buy express warranties through their Geek Squad Protection Plans are written warranties within the meaning of the Magnuson-Moss Warranty Act, 15 U.S.C. § 2301(6).

56. Consistent with the MMWA definition of warranties, the Geek Squad Protection Plans

warrant the nature of the material or workmanship of consumer products, stating: "This Plan covers parts and labor costs to repair your product in the event your product fails to properly operate due to: 1) Defect in materials or workmanship..." (Exhibit 1, p.1).

57. The Geek Squad Protection Plans as warranties within the definition of the MMWA as they provide seamless and almost identical coverage as the manufacturer warranty, stating: "After the manufacturer's warranty expires, this Plan continues to provide the benefits provided by the manufacturer's warranty (excluding manufacturer's loaner programs), as well as certain additional benefits as listed within these terms and conditions." (Exhibit 1, p.1).

58. Agents and/or employees of Best Buy represent to consumers that the GSPPs are warranties.

59. Service related documents represent the GSPPs as warranties.

60. 15 U.S.C. § 2310(d)(1) provides a cause of action for any consumer who is damaged by the failure of a warrantor to comply with the Magnuson-Moss Warranty act or a written or implied warranty.

61. Best Buy failed to comply with 15 U.S.C. 2303 (a) in its GSPPs when they failed to clearly and conspicuously designate whether the extended warranty was "full" or "limited."

62. As a result of Best Buy violation of substantive portions of the MMWA, consumers like Plaintiff and the National Class are misled and deceived about the nature and extent of Best Buy GSPP warranties.

63. Where Best Buy has not clearly and conspicuously termed their warranty as "limited" it shall otherwise comply with the Federal Minimum Standards for full warranties.

64. The limitations on the warranties are procedurally unconscionable. Best Buy did not expressly state whether the GSPPs were "limited" or "full" warranties. There was unequal bargaining power between Best Buy and National Class members, as, at the time of purchase, Plaintiff and the other National Class members had no other options for purchasing warranty coverage other than directly from Best Buy.

65. Best Buy failed to comply with 15 U.S.C. 2304 (a) (4) in its GSPPs when they disallow consumers the election of their remedy allowed by 15 U.S.C. 2304 (a) (4) in the event a product covered by a GSPP is defective or cannot be repaired after a reasonable number of attempts.

66. Plaintiff and each of the other National Class members have had sufficient direct dealings with Best Buy or their agents.

67. Pursuant to 15 U.S.C. § 2310(e), Plaintiff is entitled to bring this class action and are not required to give Best Buy notice and an opportunity to cure until such time as the Court determines the representative capacity of Plaintiff pursuant to Rule 23 of the Federal Rules of Civil Procedure.

68. The amount in controversy of Plaintiff's individual claims meets or exceeds the sum of $25. The amount in controversy of this action exceeds the sum of $50,000, exclusive of interest and costs, computed on the basis of all claims to be determined in this lawsuit.

69. Plaintiff, individually and on behalf of the other National Class members, seek all damages permitted by law, including but not limited to those allowed if Best Buy were to honor its GSPPs as full warranties. In addition, pursuant to 15 U.S.C. § 2310(d)(2), Plaintiff and the other National Class members are entitled to recover a sum equal to the aggregate amount of costs and expenses (including attorneys' fees) determined by the

      Court to have reasonably been incurred by Plaintiff and the other National Class members in connection with the commencement and prosecution of this action.

70. Further, Plaintiff and the National Class are also entitled to equitable relief under 15 U.S.C. § 2310(d)(1). Based on the Best Buy failure to comply with the requirements of the Magnuson-Moss Warranty Act and written warranties, Plaintiff seek a declaration that Best Buy have not adequately implemented their warranty commitments and requirements, and injunctive relief in the form of judicial supervision over the correction of warranty language is necessary.

71. The right of National Class members to recover these expenses as an equitable matter to put them in the place they would have been but for the Best Buy conduct presents common questions of law. Equity and fairness requires the establishment by Court decree and administration under Court supervision of a program funded by Best Buy, using transparent, consistent, and reasonable protocols, under which such claims can be made and paid.

WHEREFORE, Plaintiff, individually and as class representative for the National Class, demands judgment against Best Buy for:

    a. A declaration that Best Buy's GSPPs are warranties under federal law;

    b. injunctive relief, including but not limited to ordering Best Buy to engage in corrective action to comply with Federal law mandating that warranties be clearly and conspicuously labeled and that such requirements be incorporated by Best Buy in its GSPPs;

    c. injunctive relief, including but not limited to ordering Best Buy to engage in corrective action to comply with Federal law such that the Best Buy warranties

   allow consumers to elect their remedy pursuant to 15 U.S.C. 2304 (a) (4);

  d. compensatory damages, including but not limited those allowed if Best Buy were to honor its GSPPs as full warranties;

  e. reasonable attorney's fees, costs and expenses; and

  f. such other relief as may be just, necessary or appropriate.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that this Court enter judgment as follows:

  A. Certifying this action for class treatment, approving Plaintiff on behalf of the National Class;

  B. Awarding injunctive relief to Plaintiff and the National Class for Best Buy's substantive violations of the MMWA ordering Best Buy to engage in corrective action to comply with Federal law and that the Best Buy warranties be clearly and conspicuously labeled in its GSPPs;

  C. Awarding injunctive relief to Plaintiff and the National Class, and oversight where necessary, for Best Buy to honor its GSPPs as full warranties under Federal law requiring Best Buy to allow consumers to elect their remedy pursuant to 15 U.S.C. 2304 (a) (4);

  D. Awarding Compensatory damages, including but not limited those allowed if Best Buy were to honor its GSPPs as full warranties;

  E. Awarding attorney fees, expenses, and costs; and

  F. Providing such other and further relief as this Court may deem just and proper.

## **DEMAND FOR TRIAL BY JURY**

Trial by jury demanded on all issues so triable.

Respectfully submitted this 19th day of October 2017.

> */s/ Simone Chriss*
> Attorney for Plaintiff
> Florida Bar No.: 124062
> 3524 NW 60th Terrace
> Gainesville, FL 32606
> Phone: (352) 284-2537
> Fax: (352) 271-8347