# IN THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF FLORIDA GAINESVILLE DIVISION

NOLA TOUCHE,

      Plaintiff,

v.                               CASE NO.  1:17cv259-RH/GRJ

BEST BUY STORES, LP,

      Defendant.

_____/

## ORDER OF DISMISSAL

The plaintiff bought a television set and simultaneously bought a service plan. The set failed and could not be repaired. The plaintiff asserts the service plan did not comply with the Magnuson Moss Warranty Act's mandatory standards for written warranties. But the service plan is not a warranty as defined under the Act. This order grants the defendant's motion to dismiss for failure to state a claim on which relief can be granted.

### I

To survive a motion to dismiss for failure to state a claim, a plaintiff must plead "factual content that allows the court to draw the reasonable inference that

the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). For purposes of a motion to dismiss, the complaint's factual allegations, though not its legal conclusions, must be accepted as true. *Id.*; *see also Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). This order sets out the facts that way.

## II

The plaintiff Nola Touche purchased a Samsung television set at a store operated by the defendant Best Buy Stores, LP. At the same time, she entered into, and paid a separate price as consideration for, a contract labeled "Best Buy Geek Squad Service Package." This order refers to the contract as "the Service Package."

The parties to the Service Package were Ms. Touche and New Hampshire Insurance Company. But Best Buy took on some of New Hampshire's duties. Best Buy's logo appeared at the top of the Service Package; Best Buy maintained hotlines and a website to facilitate repairs; and Best Buy represented the Service Package as *its* warranty to Ms. Touche. In effect, the Service Package obligated Best Buy to repair the set or, if the set could not be repaired, to replace the set or issue a voucher for the purchase price, at Best Buy's option.

The television set broke during the Service Package's term. Best Buy attempted to repair the set but was unable to do so. Best Buy advised Ms. Touche

that Best Buy had the option to replace the set or issue a voucher, as provided in the Service Package. After Ms. Touche filed this action, Best Buy provided a new set, and Ms. Touche accepted it.

III

Ms. Touche filed this action asserting violations of the Magnuson Moss Warranty Act. First, Ms. Touche notes that the Act requires a warrantor who cannot repair a product to give the buyer the option to receive a replacement product or a refund of the purchase price. 15 U.S.C. § 2304(a)(4). Second, Ms. Touche notes that the Act requires a warrantor to "clearly and conspicuously designate" the warranty as "full" or "limited." *Id*. § 2303. The Act creates a private right of action in favor of a consumer who is damaged by a violation of the Act. *Id.* § 2310(d).

IV

Best Buy has moved to dismiss for lack of jurisdiction and failure to state a claim. With one exception, Best Buy's assertions are unfounded and do not require discussion. Ms. Touche suffered an injury in fact; she has standing. Her claim is ripe and not moot. Best Buy can be held liable under the Service Package though not a party to it. Magnuson Moss creates substantive standards; a plaintiff need not plead a state-law breach of warranty as a prerequisite to a substantive Magnuson Moss claim. And the statute of limitations does not bar this action.

V

That brings us to the critical issue. Best Buy asserts the Service Package is

not a warranty as the Magnuson Moss Warranty Act defines that term. That is

correct.

The Act defines a written warranty as:

> (A) any written affirmation of fact or written promise made in
> connection with the sale of a consumer product by a supplier to a
> buyer which relates to the nature of the material or workmanship
> and affirms or promises that such material or workmanship is defect
> free or will meet a specified level of performance over a specified
> period of time, or

> (B) any undertaking in writing in connection with the sale by a
> supplier of a consumer product to refund, repair, replace, or take
> other remedial action with respect to such product in the event that
> such product fails to meet the specifications set forth in the
> undertaking,

> which written affirmation, promise, or undertaking *becomes part of
> the basis of the bargain* between a supplier and a buyer for purposes
> other than resale of such product.

15 U.S.C. § 2301(6) (emphasis added).

A "service contract," on the other hand, is a "contract in writing to perform,

over a fixed period of time or for a specified duration, services relating to the

maintenance or repair (or both) of a consumer product." *Id.* at § 2301(8).

Despite some overlap in these definitions, a warranty differs from a service

contract in a key respect: unlike a service contract, which is a separate agreement, a

warranty is part of the "basis of the bargain" between a seller and a buyer. Put

differently, a warranty becomes a term in the purchase contract. According to the Magnuson Moss implementing regulations, two factors suggest an affirmation or promise is a "basis of the bargain" and thus a warranty: contemporaneity and the absence of additional consideration. *See* 16 C.F.R. § 700.11. The first merely means the affirmation occurred around the time the purchase contract was formed—for example, a written affirmation in a manual that comes with the newly purchased product. Separate consideration is not needed because the affirmation becomes part of a valid contract's terms. By contrast, forming a valid service contract entails all the usual formalities attendant to entering into a contract, including consideration. A service contract need not have any temporal relationship to the purchase contract.

This interpretation of "basis of the bargain" accords with the Uniform Commercial Code's usage of that term. Section 2-313 of the UCC makes affirmations of fact or promises made by sellers to buyers enforceable, if the affirmation or promise is a basis of the bargain. Interpretations of the UCC also demand contemporaneity with the purchase contract, *see Hughes v. Tobacco Inst., Inc.*, 278 F.3d 417 (5th Cir. 2001) (rejecting a warranty claim against tobacco companies where the alleged affirmations were made after the plaintiffs became addicted to cigarettes), and inclusion of the affirmation in the terms of the purchase contract, *see Liberty Lincoln-Mercury, Inc. v. Ford Motor Co.*, 171 F.3d 818 (3d

Cir. 1999) (concluding that affirmations that "are fairly to be regarded as part of the contract" count as warranties).

Here the Service Package was not part of the purchase contract. Ms. Touche could have bought the television set alone but chose to buy the Service Package, too. She paid additional consideration for the Service Package. And the Service Package's express terms made clear that it was a separate agreement, distinct from the purchase contract: "This Plan and your purchase receipt, containing the effective date and expiration date of your Plan, and the product purchase identification constitute the entire agreement between you and us."

The parties have vigorously debated whether the Service Package did the sorts of things a warranty would do. But this misses the point. That the Service Package includes warranty-like provisions comes as no surprise. Service contracts and warranties overlap. *See* 16 C.F.R. § 700.11 (service contracts and warranties "may provide similar coverage of consumer products"). But the substance of Best Buy's obligations is not dispositive of the basis-of-the-bargain analysis; the question is whether those obligations flow from the purchase contract or a separate agreement. They flow from a separate agreement. The Service Package is a service contract, not a warranty as that term is defined by Magnuson Moss.

Ms. Touche asserts, though, that Best Buy's salesperson called the Service Package a warranty and that Best Buy should be held to that description. But a

salesperson's language does not change the Act's definition of a warranty or expand the Act's coverage. The issue is not what the term "warranty" means to a layperson but whether the Service Package was a "warranty" as defined in the Act. It was not.

Because it was a service contract, not a warranty, the Service Package was not required to comply with the warranty standards set out in 15 U.S.C. §§ 2303 and 2304. Ms. Touche has failed to state a claim on which relief can be granted.

## VI

For these reasons,

IT IS ORDERED:

1. Best Buy's motion to dismiss, ECF No. 15, is granted.

2. The clerk must enter judgment stating, "This action was resolved on a motion to dismiss. It is ordered that the plaintiff Nola Touche recover nothing on her claims against the defendant Best Buy Stores, LP. The claims are dismissed on the merits."

3. The clerk must close the file.

SO ORDERED on February 13, 2018.

s/Robert L. Hinkle
United States District Judge